**WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN, LLP**
Don Springmeyer, Esq. (SBN 1021)
Jordan Butler, Esq. (SBN 10531)
3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120
Telephone: (702) 341-5200 / Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
Email: jbutler@wrslawyers.com

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey, Esq. (*Pro Hac Vice Forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455 / Fax: (925) 407-2700
Email: ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell, Esq. (*Pro Hac Vice Forthcoming*)
Max S. Roberts, Esq. (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150 / Fax: (212) 989-9163
Email: aobergfell@bursor.com
Email: mroberts@bursor.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| REBECCA BRATCHER, on behalf of herself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> ALLEGIANT TRAVEL COMPANY, <br><br> Defendant. | Case No.: <br><br> **CLASS ACTION COMPLAINT AND JURY DEMAND** |

Plaintiff Rebecca Bratcher ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following on the investigation of her counsel and upon information and belief, except as to Plaintiff's allegations regarding her own actions which are based on personal

knowledge.

**NATURE OF THE ACTION**

1. This is a class action lawsuit regarding Defendant Allegiant Travel Company's ("Allegiant" or "Defendant") failure to provide full refunds to customers whose flights were cancelled as a result of the coronavirus, or COVID-19.

2. Given the outbreak of the coronavirus, Defendant has cancelled a vast percentage of its international and United States flights. However, Defendant has, to date, refused to issue refunds for flights that Defendant cancelled.

3. The United States Department of Transportation ("DOT") has "issued an Enforcement Notice clarifying, in the context of the 2019 Novel Coronavirus (COVID-19) public health emergency, that U.S. and foreign airlines **remain obligated to provide a prompt refund to passengers** for flights to, within, or from the United States when the carrier cancels the passenger's scheduled flight or makes a significant schedule change and the passenger chooses not to accept the alternative offered by the carrier. The obligation of airlines to provide refunds, including the ticket price and any optional fee charged for services a passenger is unable to use, does not cease when the flight disruptions are outside of the carrier's control (e.g., a result of government restrictions)."[1] Indeed, the DOT's Enforcement Notice makes perfectly clear that offering "vouchers or credits for future travel" is not an adequate or appropriate substitute for airlines' obligations to offer refunds for cancelled flights.[2]

4. Defendant is the owner and operator of Allegiant Air. Allegiant Air is a low-cost airline and among the largest airlines in the United States. In 2019, Allegiant carried over 15

---

[1] Dep't of Transp., U.S. Department of Transportation Issues Enforcement Notice Clarifying Air Carrier Refund Requirements, Given the Impact of COVID-19 (Apr. 3, 2020), https://www.transportation.gov/briefing-room/us-department-transportation-issues-enforcement-notice-clarifying-air-carrier-refund (last accessed Apr. 28, 2020) (hereinafter "DOT Notice") (emphasis added).

[2] *See id.*

2

1  million passengers.[3]  Allegiant's business was disrupted as a result of government-mandated restrictions on travel in response to the coronavirus.[4]

5. Defendant Allegiant announced in April 2020 that it "anticipates reducing its airline capacity by 80 to 90 percent during April and May, with additional schedule restrictions to come for the summer travel season."[5]

6. Plaintiff, like many other travelers, was scheduled to fly with Allegiant on a trip between Fort Lauderdale, Florida and Norfolk, Virginia.

7. Plaintiff's flight was cancelled by Allegiant due to the coronavirus travel restrictions.

8. In the cancellation e-mail to Plaintiff, Allegiant did not give Plaintiff the option to request a cash refund.  Instead, Allegiant only gave Plaintiff the option to change her flight, receive a voucher for future travel, or contact customer service for unspecified "other options."

9. Allegiant was required by the DOT Enforcement Notice to provide Plaintiff a prompt refund when Allegiant cancelled her flight.

10. Allegiant also represents in its Contract of Carriage that "If a passenger's scheduled transportation is canceled, or terminated before the passenger has reached his or her final destination as a result of a flight cancellation or omission of a scheduled stop, Carrier will, **at the passenger's option** . . . refund the fare for the unused transportation."[6]

---

[3] ALLEGIANT REPORTS DECEMBER 2019 TRAFFIC, http://ir.allegiantair.com/news-releases/news-release-details/allegiant-reports-december-2019-traffic (last accessed Apr. 28, 2020).

[4] ALLEGIANT ANNOUNCES ADDITIONAL OPERATIONAL MEASURES TO ADDRESS IMPACT OF COVID-19 PANDEMIC, http://ir.allegiantair.com/news-releases/news-release-details/allegiant-announces-additional-operational-measures-address (last accessed Apr. 28, 2020).

[5] Id.

[6] ALLEGIANT CONTRACT OF CARRIAGE § 90, https://www.allegiantair.com/contract-carriage (last accessed Apr. 28, 2020) (emphasis added).

11.     Plaintiff requested a refund from Allegiant, which never came.  Further, upon information and belief, Plaintiff would not have been able to get a cash refund, as Allegiant is only offering credits.

12.     Allegiant's acts are in violation of the DOT's Enforcement Notice, which requires airlines to provide "a prompt refund to passengers . . . when their carrier cancels the passenger's scheduled flight."[7]  The DOT Enforcement Notice applies to "U.S. and foreign airlines."[8]

13.     Allegiant's consumers have excoriated Allegiant's refusal or failure to provide its customers with refunds.  For instance, like Plaintiff, customers on the website tripadvisor.com have stated:

April 8, 2020 Review:[9]

> FrequentTravelerfromSC wrote a review Apr 8
> 1 contribution • 1 helpful vote
>
> ●○○○○    Greenville - Orlando    Domestic    Basic Economy
>
> **Terrible Customer Service**
>
> This airline must have the worst customer service in the industry. They cancelled my flight and will not provide a credit. They will only provide a voucher. If you try to call to complain - nobody will answer the phone. They don't tell you how long the hold time is or have a feature to call you back when an agent becomes available. I know these are difficult times for everyone but this is absolutely ridiculous.
>
> I would strongly advise people to pay a little more for a flight and book with a "real" airline!
>
> Read less ▲

//
//
//
//
//

---

[7] DOT NOTICE

[8] *Id.*

[9] ALLEGIANT REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729019-Reviews-Allegiant-Air.html#REVIEWS (last accessed Apr. 28, 2020).

4

April 6, 2020 Review:[10]

**Lala** wrote a review Apr 6
1 contribution • 2 helpful votes

●○○○○   Orlando - Blountville | Domestic | Economy

**Cancelled Flight by Airline w no refund**

I am VERY disappointed. I had to change my flight several times due to this airline cancelling it. I needed to go to TN for my sister to be induced. Because of Allegiant lack of communication, clarity, and helpfulness I had to make a 11 hour drive during Covid19 a week after my sister had her baby alone due to TWO cancelled flight. The first was my initial flight That was cancelled and the second was offered as Compensation for the first cancelled flight. Now I have two vouchers instead of my money back. I don't want a voucher. I'd like to have my money back!! I have flown Allegiant every month for the last year to go see my sister. I will not be using them again.

Read less ▲

April 1, 2020 Review:

**David H** wrote a review Apr 1
1 contribution • 6 helpful votes

●○○○○   Grand Rapids - Las Vegas | Domestic | Basic Economy

**Do Not Book Flights with Allegiant**

Allegiant is not refunding anyone for Covid related cancellations. They're giving you a voucher that does in fact expire unless you call in and extend the expiration date. This is after their CEO sent an email reassuring customers they'd be taken care of. Extremely misleading. I was also just hung up on by a rep after waiting 1.5 hours.

Read less ▲

March 2020 Review:

**Eruc B** wrote a review Mar 2020
Clifton Park • 2 contributions • 8 helpful votes

●○○○○   Albany - Orlando | Domestic | Basic Economy

**Never Again.**

In a time where things are so crazy they are not approving any refunds and offering travel vouchers instead basically holding peoples money hostage that don't know if they will be able to buy food nest week or not it is sickening and without compassion. If you try to deal with their customer service you are met with sarcasm and lack of concern for the customer. I for one will never book with this airline again and will recommend to many family and friends that they avoid them as well. In a time when both individuals and companies alike don't know what the future holds they would be a bit more keen on staying in business and treating people like humans instead of dollar signs. I wouldn't recommend this company to my worst enemy.

Read less ▲

---

[10] ALLEGIANT REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729019-Reviews-or5-Allegiant-Air.html#REVIEWS (last accessed Apr. 28, 2020).

March 2020 Review:[11]



14. Plaintiff brings this action on behalf of herself and the Class for equitable relief and to recover damages and restitution for: (i) unjust enrichment, (ii) conversion, (iii) breach of contract, and (iv) money had and received.

**PARTIES**

15. Plaintiff Rebecca Bratcher is a citizen of the State of Florida and resides in Pompano Beach, Florida. In March 2020, Plaintiff purchased a ticket directly from Allegiant for a flight between Fort Lauderdale, Florida and Norfolk, Virginia. Plaintiff was to depart for Virginia on April 2, 2020. Plaintiff paid a total price of approximately $49.00 for the flight. However, the flight was cancelled by Allegiant on March 31, 2020 due to the coronavirus, COVID-19. In the cancellation e-mail to Plaintiff, Allegiant did not give Plaintiff the option to request a cash refund. Instead, Allegiant only gave Plaintiff the option to change her flight, receive a voucher for future travel, or contact customer service for unspecified "other options."

---

[11] ALLEGIANT REVIEWS, TRIPADVISOR, https://www.tripadvisor.com/Airline_Review-d8729019-Reviews-or20-Allegiant-Air.html#REVIEWS (last accessed Apr. 28, 2020).

16. Defendant Allegiant Travel Company is a corporation organized under the laws of the State of Nevada with a principal place of business at 1201 N. Town Center Drive, Las Vegas, Nevada 89144.  Defendant Allegiant is the owner and operator of Allegiant Air.  Defendant Allegiant conducts substantial business throughout the United States.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000.00 exclusive of interest and costs.

18. This Court has personal jurisdiction over this action because Defendant maintains its principal place of business in this District.  This Court also has specific personal jurisdiction over Defendant because it purposefully availed itself of this forum by engaging in suit-related conduct in this District.

19. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District.

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23, on behalf of the following Class:

> All persons in the United States who purchased tickets for travel on an Allegiant flight scheduled to operate to, from, or within the United States whose flights were cancelled or were subject to a significant schedule change and not refunded.

21. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

22. Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs,

successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

23. **Numerosity.** The members of the proposed Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are hundreds of thousands of individuals who are members of the proposed Class. Although the precise number of proposed members is unknown to Plaintiff, the true number of members of the Class is known by Defendant. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

24. **Typicality.** The claims of the representative Plaintiff are typical of the claims of the Class in that the representative Plaintiff, like all members of the Class, paid for an Allegiant flight that was cancelled, and did not receive a refund for the cancelled flight or for any consequential damages and cancelations caused by the original cancelled flight. The representative Plaintiff, like all members of the Class, has been damaged by Defendant's misconduct in the very same way as the members of the Class. Further, the factual bases of Defendant's misconduct are common to all members of the Class and represent a common thread of misconduct resulting in injury to all members of the Class.

25. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual members of the Class. These common legal and factual questions include, but are not limited to, the following:

(a) Whether Allegiant failed to refund purchasers of cancelled flights and the consequential damages caused thereby;

(b) Whether Allegiant falsely represented that customers whose flights were cancelled would receive a cash refund for cancelled flights;

(c) Whether Allegiant is liable to Plaintiff and the Class for unjust enrichment;

  (d)  Whether Allegiant unlawfully converted money from Plaintiff and members of the Class; and

  (e)  Whether Plaintiff and the Class are entitled to damages, restitution, equitable, injunctive, compulsory, or other relief.

26.  **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Plaintiff has no interests that are antagonistic to those of the Class.

27.  **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual members of the Class are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Class, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Class could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

28.  In the alternative, the Class may also be certified because:

  (a)  the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class that would establish incompatible standards of conduct for the Defendant;

  (b)  the prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Class not parties to the adjudications, or

substantially impair or impede their ability to protect their interests; and/or

29. (c) Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

30. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

31. Plaintiff brings this claim on behalf of herself and members of the Class.

32. Plaintiff and the Class conferred a benefit on Defendant in the form of monies paid to purchase airline tickets for flights that were later cancelled or subject to a significant schedule change by Allegiant.

33. Defendant has knowledge of these benefits.

34. Defendant voluntarily accepted and retained these benefits.  Defendant voluntarily retained the benefit of the purchase price of the tickets in addition to consequential damages resulting from the cancelation (such as the customer having to cancel the return flight).

35. Because these benefits were obtained unlawfully, namely by selling airline tickets for flights that were later cancelled by Allegiant, it would be unjust and inequitable for the Defendant to retain them without paying the value thereof.

### COUNT II
### Conversion

36. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

37. Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

38. Plaintiff and members of the Class have an ownership right to the monies paid for the tickets for cancelled flights sold by Defendant, as well as for the consequential damages resulting therefrom.

39. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the cancelled flights, and consequential damages resulting therefrom. Defendant has done so every time that Plaintiff and members of the Class paid to purchase a ticket for a flight that was later cancelled or subject to a significant schedule change by Allegiant.

40. As a direct and proximate cause of Defendant's conversion, Plaintiff and members of the Class suffered damages in the amount of the payments made for each time they purchased a ticket for a flight that was cancelled or subject to a significant schedule change by Allegiant, and in the amount of consequential damages resulting therefrom.

## COUNT III
### Breach of Contract

41. Plaintiff incorporates and realleges each preceding paragraph as though fully set forth herein.

42. Plaintiff brings this claim on behalf of herself and members of the Class.

43. Defendant entered into contracts with Plaintiff and members of the Class to provide services in the form of flights in exchange for a set amount of money.

44. Plaintiff and members of the Class performed by paying the airline ticket fees for the flights before they were cancelled.

45. Defendant has breached these contracts by retaining Plaintiff and Class members' airline ticket fees while not providing flight services.

46. Plaintiff and members of the Class have suffered an injury through the payment of money for tickets while not receiving services in return.

## COUNT IV
### Money Had And Received

47. Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

48. Plaintiff brings this claim individually and on behalf of the members of the proposed Class against Defendant.

49. Defendant received money in the form of airline ticket fees that was intended to be used for the benefit of Plaintiff and the Class.

50. Those airline ticket fees were not used for the benefit of Plaintiff and the Class, and Defendant has not given back or refunded the wrongfully obtained money and airline ticket fees to Plaintiff and the Class.

51. Defendant obtained money in the form of airline ticket fees that was intended to be used to provide flights for Plaintiff and the Class. However, Defendant has retained all of the airline ticket fees while cancelling its flights that Plaintiff and members of the Class were supposed to be passengers on.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests, individually and on behalf of the alleged Class, that the Court enter judgment in their favor and against Defendant as follows:

(a) An Order certifying the proposed Class and appointing Plaintiff and her Counsel to represent the Class;

(b) An Order requiring Defendant to immediately issue refunds to Plaintiff and members of the Class for the cost of cancelled tickets, any cancellation fees, and consequential damages resulting therefrom;

(c) An Order of disgorgement of wrongfully obtained profits;

(d) An award of compensatory, statutory, and punitive damages, in an amount to be determined;

(e) An award of reasonable attorneys' fees costs and litigation expenses, as allowable by law;

(f) Interest on all amounts awarded, as allowed by law; and

(g) Such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable as of right.

Dated: April 28, 2020          Respectfully submitted,

By: ___/s/ Don Springmeyer___
      Don Springmeyer

**WOLF, RIFKIN, SHAPIRO, SCHULMAN AND RABKIN, LLP**
Don Springmeyer, Esq. (SBN 1021)
Jordan Butler, Esq. (SBN 10531)
3556 E Russell Rd, Second Floor
Las Vegas, Nevada 89120
Telephone: (702) 341-5200 / Fax: (702) 341-5300
Email: dspringmeyer@wrslawyers.com
Email: jbutler@wrslawyers.com

**BURSOR & FISHER, P.A.**
Yeremey Krivoshey, Esq (*Pro Hac Vice Forthcoming*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455 / Fax: (925) 407-2700
Email: ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell, Esq. (*Pro Hac Vice Forthcoming*)
Max S. Roberts, Esq. (*Pro Hac Vice Forthcoming*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150 / Fax: (212) 989-9163
Email: aobergfell@bursor.com
Email: mroberts@bursor.com

*Attorneys for Plaintiff*