**KEMP JONES, LLP**
Don Springmeyer, Esq. (SBN 1021)
3800 Howard Hughes Pkwy., 17th Floor
Las Vegas, Nevada 89169
Telephone: 702-385-6000
Fax: 702 385-6001
Email: d.springmeyer@kempjones.com

**BURSOR & FISHER, P.A.**
Yeremey O. Krivoshey, Esq. (*Pro Hac Vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Fax: (925) 407-2700
Email: ykrivoshey@bursor.com

*Attorneys for Plaintiff*

[*Attorneys for Defendants on Signature Page*]

**BURSOR & FISHER, P.A.**
Andrew J. Obergfell, Esq. (*Pro Hac Vice*)
Max S. Roberts, Esq. (*Pro Hac Vice*)
888 Seventh Avenue, Third Floor
New York, NY 10019
Telephone: (646) 837-7150
Fax: (212) 989-9163
Email: aobergfell@bursor.com
Email: mroberts@bursor.com

**LIDDLE & DUBIN, P.C.**
David R. Dubin (*Pro Hac Vice*)
ddubin@ldclassaction.com
Nicholas A. Coulson (*Pro Hac Vice*)
ncoulson@ldclassaction.com
975 E. Jefferson Avenue
Detroit, Michigan 48207
Tel: 313-392-0015
Fax: 313-392-0025

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| REBECCA BRATCHER and DEANNA HERR on behalf of themselves and all others similarly situated,<br><br>               Plaintiffs,<br><br>v.<br><br>ALLEGIANT TRAVEL COMPANY and ALLEGIANT AIR, LLC,<br><br>               Defendants. | Case No.: 2:20-cv-00767-APG-BNW<br><br><br>**PROPOSED AMENDED JOINT DISCOVERY PLAN AND SCHEDULING ORDER (SUBMITTED IN COMPLIANCE WITH LOCAL RULE 26-1(b)) (SPECIAL SCHEDULING REVIEW REQUESTED)** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26 and Local Rule 26-1, the parties in this action submit the following proposed Amended Discovery Plan and Scheduling Order:

## I.   INITIAL MATTERS

### A.   Meeting Between The Parties' Counsel

Pursuant to FRCP 26(f) and Local Rule 26-1, the Parties met and conferred on January 18, 2021 and February 8, 2021.  Yeremey Krivoshey, Andrew Obergfell, and Don Springmeyer represented the Plaintiffs, and Jacob D Bundick and Robert J. Herrington represented the Defendants.

### B.   The Parties' Position On Alternative Dispute Resolution

The parties hereby certify that they discussed the possibility of resolution of this case through means of alternative dispute resolution (i.e. arbitration, mediation, early neutral evaluation) and prefer to use private mediation when/if appropriate.

### C.   The Parties' Position On Trial By United States Magistrate Judge And/Or Short Trial

The Parties hereby certify that they considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) but do not consent to the same.

## II.   DEADLINES

**LR 26-1 Statement in Support of Special Scheduling**:

Local Rule 26-1(b)(1) provides that "unless otherwise ordered, discovery periods longer than one hundred and eighty (180) days from the date the first defendant answers or appears will require special scheduling review."  This case is styled as a putative class action, which will require deviation from the normal schedule.

Defendants answered Plaintiffs' Complaint in this consolidated action on December 16, 2020 (ECF No. 40).  The Parties propose the following schedule:

1

1) Deadline for Amended Pleadings/Adding Parties: March 31, 2021;

2) Plaintiffs' Motion for Class Certification/Disclosure of Rule 23 Experts: September 21, 2021;

3) Defendants' Opposition to Plaintiffs' Motion for Class Certification/Disclosure of Defendants' Rule 23 Experts:  November 22, 2021;

4) Plaintiffs' Reply in Support of Motion for Class Certification/Disclosure of Rule 23 Rebuttal Reports: January 5, 2022;

5) Fact Discovery Cutoff: April 22, 2022[1];

6) Expert Disclosure Deadline: May 20, 2022;

7) Rebuttal Expert Disclosure Deadline: June 17, 2022;

8) Expert Discovery Cutoff: July 22, 2022;

9) Dispositive Motion Deadline: August 19, 2022 (L.R. 26-1(b)(4));

10) Pretrial Order Deadline (unless dispositive motion pending): September 19, 2022 (L.R. 26-1(b)(5))

## III.   DISCOVERY PLAN

### A.  Initial Disclosures.

Pursuant to FRCP 26(a)(1), the parties served initial disclosures on February 8, 2021. The parties do not believe there should any other changes to the timing, form, or requirement for disclosures under Rule 26(a)(1).

### B.  Subjects of Discovery, Completion of Discovery or Discovery Limitations

The parties agree there should not be any formal bifurcation or phasing of discovery, although they anticipate discovery focusing on Rule 23 issues at this time. As stated above, the parties also agree that it is premature to set a discovery cutoff at this time.

Plaintiffs will seek discovery on the following issues:

- Documents and information in Defendants' possession concerning Plaintiff;

---

[1] Pursuant to L.R. 26-1(b)(1), the number of days between Defendants' Answer and the Fact Discovery cutoff is 492.

- All applicable Contracts of Carriage issued by Defendants;

- Defendants' issuance of refunds, vouchers or other credits for flights cancelled or significantly delayed by Defendants during the Class period;

- The number of flights cancelled by Defendants during the Class period;

- The identity of those whose flights were cancelled or significantly delayed by Defendants during the Class period;

- The amount of money paid to Defendants in fares for cancelled or significantly-delayed flights, the amount refunded by Defendants, and the amount still being held by Defendants;

- Defendants' internal communications and communications to customers regarding its COVID-19 refund policy;

- Communications between Defendants and the Department of Transportation or other regulators;

- Requests for refunds made by Class members to Defendants;

- Defendants' customer service operations after the onset of COVID-19;

Plaintiffs reserve the right to seek additional areas of discovery as they become relevant throughout the pendency of the action.

Defendants may seek discovery on the following issues:

- Plaintiffs' purchases and cancellations of their airline tickets;

- Disclosures, webpages, and other materials allegedly reviewed by Plaintiffs relating to their airline tickets;

- Plaintiffs' communications with Defendants relating to their airline tickets and flight cancellations;

- Plaintiffs' communications with others relating to their airline tickets and flight cancellations, including emails, text messages, and/or social media postings;

- Travel that Plaintiffs have booked on Allegiant flights or other airlines during the

COVID-19 pandemic;

- Documentation supporting any damages claimed by each Plaintiff;

- Class discovery, for purposes of determining whether certification is appropriate.

To obtain discovery on the preceding topics, Defendants anticipate propounding written discovery to Plaintiffs, taking Plaintiffs' depositions, subpoenaing third parties, and engaging in expert discovery. It also appears to Defendants that certain areas of discovery specified by Plaintiffs above may not be proper, relevant or proportional.

**C.  Discovery of Electronically Stored Information.**

The parties have discussed and do not anticipate disputes regarding the production of electronically stored information (ESI). The parties are discussing the appropriate formats for production of ESI. All parties state that they have taken reasonable and proportionate steps to preserve potentially relevant evidence.

**D.  Claims of Privilege and Confidentiality of Information.**

The parties contemplate that certain discovery produced in the matter will require a level of protection and confidentiality. To that end, the parties have discussed and are working together on a suitable protective order for the Court's consideration, including an order under Federal Rule of Evidence 502.

**E.  Changes to Limitations on Discovery.**

The parties presently are not requesting any changes to limitations on discovery under the FRCP.

**F.  Additional Orders.**

At this time, the parties do not anticipate seeking other orders beyond those specified above.

**IV.    ELECTRONIC EVIDENCE TO JURORS**

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations. The parties are unaware of any such electronic evidence at this time but reserve the right to amend this response as discovery continues.

DATED:  February 16, 2021                    Respectfully submitted,


                                             By:  */s/ Don Springmeyer*
                                                     Don Springmeyer

                                             **KEMP JONES, LLP**
                                             Don Springmeyer, Esq. (SBN 1021)
                                             3800 Howard Hughes Pkwy., 17th Floor
                                             Las Vegas, Nevada 89169
                                             Telephone: 702-385-6000
                                             Fax: 702 385-6001
                                             Email: d.springmeyer@kempjones.com

                                             **BURSOR & FISHER, P.A.**
                                             Yeremey Krivoshey, Esq (*Pro Hac Vice*)
                                             1990 North California Blvd., Suite 940
                                             Walnut Creek, CA 94596
                                             Telephone: (925) 300-4455 / Fax: (925) 407-2700
                                             Email: ykrivoshey@bursor.com

                                             **BURSOR & FISHER, P.A.**
                                             Andrew J. Obergfell, Esq. (*Pro Hac Vice*)
                                             Max S. Roberts, Esq. (*Pro Hac Vice*)
                                             888 Seventh Avenue, Third Floor
                                             New York, NY 10019
                                             Telephone: (646) 837-7150 / Fax: (212) 989-9163
                                             Email: aobergfell@bursor.com
                                             Email: mroberts@bursor.com

                                             **LIDDLE & DUBIN, P.C.**
                                             David R. Dubin (*Pro Hac Vice*)
                                             ddubin@ldclassaction.com
                                             Nicholas A. Coulson (*Pro Hac Vice*)
                                             ncoulson@ldclassaction.com
                                             975 E. Jefferson Avenue
                                             Detroit, Michigan 48207
                                             Tel: 313-392-0015
                                             Fax: 313-392-0025

                                             *Attorneys for Plaintiffs and the Putative Class*

1

By: */s/ Jacob D. Bundick*
Jacob D. Bundick

2

3

**GREENBERG TRAURIG, LLP**
MARK E. FERRARIO, ESQ.

4

Nevada Bar No. 1625
JACOB D. BUNDICK, ESQ.

5

Nevada Bar No. 9772
MICHAEL R. HOGUE, ESQ.

6

Nevada Bar No. 12400
10845 Griffith Peak Drive, Suite 600

7

Las Vegas, Nevada 89135

8

9

Robert J. Herrington, Esq. (*Pro Hac Vice*)
**GREENBERG TRAURIG, LLP**

10

1840 Century Park East, Suite 1900
Los Angeles, California 90067

11

12

*Counsel for Defendants Allegiant Travel Company and Allegiant Air, LLC*

13

14

15

16

ORDER

17

IT IS ORDERED that the parties' proposed discovery plan and scheduling order ("DPSO") is DENIED.  The Court finds that the parties have not established good cause for a 16-month period of fact discovery.

18

19

20

IT IS FURTHER ORDERED that an updated DPSO is due by 3/1/2021.  The parties may seek a maximum of 9 months between when the answer was filed and when dispositive motions are due.  If the parties can show good cause for an extension, they may seek one at a later date either by stipulation or motion.

21

22

23

**IT IS SO ORDERED**

24

**DATED:** 2:38 pm, February 19, 2021

25

26

**BRENDA WEKSLER**
**UNITED STATES MAGISTRATE JUDGE**

27

28